UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANDRES ROBLES GONZALEZ,** | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | NO. 14-696 |
| | * | |
| VERSUS | * | SECTION "J" (2) |
| | * | |
| **UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, THOMAS K. WINKOWSKI, in his Official Capacity as Acting Director of U.S. Immigration and Customs Enforcement, and JEH JOHNSON, in his Official Capacity as Secretary of Homeland Security** | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## FOR LACK OF SUBJECT-MATTER JURISDICTION

**NOW INTO COURT**, through the undersigned Assistant U.S. Attorney, come the named federal defendants, the United States of America, the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Thomas K. Winkowsi, and Jeh Johnson, who file this memorandum in support of their motion to dismiss for lack of subject-matter jurisdiction. This Court lacks subject-matter jurisdiction over Plaintiff's claim under the Federal Tort Claims Act ("FTCA") because he failed to file an administrative claim within two years of his claim accruing. This Court lacks subject-matter jurisdiction over Plaintiff's claim under the Administrative Procedure Act ("APA") because he failed to exhaust his administrative remedies before filing this lawsuit.

**I.       Facts**

Plaintiff alleges that he became a United States citizen on June 13, 2002, but that federal officials wrongfully deported him to Mexico on December 31, 2008. Rec. Doc. 1 at ¶¶ 1, 24, 63. After returning to the United States, Plaintiff alleges that he filed an administrative tort claim with ICE and DHS on June 28, 2013, seeking compensation for malicious prosecution. *Id.* at ¶ 8. Plaintiff also alleges that ICE and DHS have taken final agency actions regarding Plaintiff's claim under the APA, but fails to provide any specific facts regarding what he did to exhaust his administrative remedies or what specific final agency actions he is attempting to challenge. *Id.* at ¶ 9, 91.

**II.      Burden of Proof**

An action must be dismissed if it appears that the court does not possess subject-matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. Rule 12(b)(1), (h)(3). The burden of proof is on the party asserting jurisdiction. Thus, as the party invoking jurisdiction, Plaintiff carries the burden of establishing subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, it is well established that a court is not limited to the allegations in the complaint but may consider material outside of the complaint in an effort to determine whether the court has jurisdiction in the case. The court may base its decision on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (*citing Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). "In

evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citations omitted). The court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). The court has the discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981) (citations omitted).

### III. Plaintiff's FTCA claim for malicious prosecution

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction. Federal courts have jurisdiction to hear suits against the government only with a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *Young v. United States*, 727 F.3d 444, 446-447 (5th Cir. 2013) (internal quotation marks omitted) (citations omitted).

The FTCA is a partial waiver of the sovereign immunity of the United States for tort suits. 28 U.S.C. § 1346(b); *United States v. Orleans*, 425 U.S. 807, 813 (1976). Under the FTCA, recovery in tort is permitted against the United States for damages arising out of the tortious conduct of federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b); *see* 28 U.S.C. § 2672. Congress prescribed strict conditions under which sovereign immunity would be waived under the FTCA, including a "two-year statute of limitations from the accrual date of the cause of action." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589 (5th Cir. 1999); *see* 28 U.S.C. §2401(b) (stating "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such

claim accrues...."); *Young*, 727 F.3d at 447 ("As limitations periods in statutes waiving sovereign immunity are jurisdictional, plaintiffs' failure to file their claims timely before the [agency] would preclude a federal court from thereafter hearing those claims." (internal quotation marks omitted) (citations omitted).

"A cause of action accrues, under federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brown*, 188 F.3d at 589-90 (citation omitted) (internal quotation marks omitted); *see Bush v. United States*, 823 F.2d 909, 911 (5th Cir. 1987) (finding that the two-year statute of limitations "begins when the plaintiff discovers, or, in the exercise of reasonable diligence should have discovered, the fact of the injury and its cause.") (citation omitted). "The plaintiff's knowledge of the injury depends upon two elements: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." *Brown*, 188 F.3d at 590 (citation omitted); *see Ramming*, 281 F.3d at 162-63 (citing *Brown*).

Here, Plaintiff alleges that he was wrongfully deported by federal employees on December 31, 2008. Rec. Doc. 1 at 1. This was the date Plaintiff both knew of his injury and knew of the connection between the injury and the allegedly wrongful actions of the federal employees. Therefore, December 31, 2008 is the date Plaintiff's FTCA claims accrued, meaning his administrative claim had to be "presented in writing to the appropriate Federal agency" by December 31, 2010. 28 U.S.C. §2401(b). Plaintiff admits that he did not present his administrative claim to ICE and DHS until June 28, 2013. Rec. Doc. 1 at ¶ 8. Therefore, Plaintiff's administrative claim was untimely and this Court lacks subject-matter jurisdiction. *See Young*, 727 F.3d at 447; *Brown*, 188 F.3d at 589.

While the case was not reported, the Fifth Circuit ruled on this exact issue in *Ortega v. United States*, 547 Fed. App'x 384 (5th Cir. 2013). In that case, one of the plaintiffs was arrested

and deported on May 28, 2008, but the plaintiffs did not file an administrative claim until February 22, 2011. *Id.* at 386. The Fifth Circuit held that the plaintiffs "knew that they had suffered injuries immediately after Mr. Ortega's arrest and deportation on May 28, 2008, and they knew that those injuries were caused by federal agents. These constitute the sort of facts … which establish accrual." *Id.* at 387. Accordingly, the Fifth Circuit affirmed the district court's dismissal of the plaintiffs' FTCA claims as time-barred. *Id.* at 387-388; *see Salas v. United States*, 527 Fed. App'x 813 (10th Cir. 2013)[1].

For the foregoing reasons, this Court should dismiss Plaintiff's malicious prosecution claim, "Count One" of his Complaint, for lack of subject-matter jurisdiction.

## IV.    Plaintiff's APA claim

Plaintiff alleges "concrete, ongoing harm" due to "derogatory information contained in one or more DHS systems of records," arguing that this harm will continue "unless immediate action is taken [by DHS] to search its databases and purge them of any derogatory information indicating he is a noncitizen." Rec. Doc. 1 at ¶¶ 75-79. In arguing, however, that this Court should require Defendants to "search" and "purge" their records of information identifying him as a "noncitizen," Plaintiff seeks action by this Court that is premature and therefore unwarranted. Before seeking such action – and this Court's review of his claims under the APA – Plaintiff must first exhaust his administrative remedies. Every indication is that Plaintiff has not exhausted his administrative remedies and Plaintiff cannot bear his burden of establishing

---

[1] In *Salas*, the Plaintiff was refused entry into the United States in May 2001, July 2007, and on March 1, 2008. 527 Fed. App'x at 814. He did not file his administrative claim with DHS until March 26, 2010. *Id.* The district court dismissed the plaintiff's negligent investigation claim, finding the claim accrued more than two years before the Plaintiff filed his administrative claim. *Id.* at 815-816. The Tenth Circuit affirmed this portion of the district court's opinion without further elaboration. *Id.* at 816 ("we affirm the district court's judgment on the negligent-investigation claim for substantially the same reasons as stated in its Order…." (proceeding to analyze in more detail the negligent infliction of emotional distress claim presented by the other plaintiff)).

subject-matter jurisdiction. Additionally, because ICE has corrected its enforcement databases, this Court should dismiss Plaintiff's APA claims for lack of subject-matter jurisdiction.

The Supreme Court has held that a plaintiff suing a government agency may not obtain judicial relief unless he has first exhausted administrative remedies. *See Merrill Lynch v. NASD,* 616 F.2d 1363, 1370 (5th Cir. 1980) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.,* 415 U.S. 1, 20-24, (1974); *Allen v. Grand Central Aircraft Co.*, 347 U.S. 535, 540 (1954); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)) (internal quotation marks omitted). The exhaustion requirement avoids "premature interruption of the administrative process, and allows the administrative agency to utilize its discretion, apply its expertise, correct its own errors, and handle its business expeditiously." *Sweet Life v. Dole,* 876 F.2d 402, 407 (5th Cir. 1989) (quoting *Merrill Lynch,* 616 F.2d at 1370) (citations and internal quotation marks omitted). The APA itself allows for review only of "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court[.]" *See* 5 U.S.C. § 704.

DHS, pursuant to the Privacy Act, has promulgated regulations providing a statutory mechanism for individuals to request correction of government records and databases relating to a specific individual. *See* 6 C.F.R. §§ 5.20 - 5.26; 5 U.S.C. § 552a *et seq.*; *see also* 68 Fed. Reg. 4056 (Jan. 27, 2003). The Privacy Act requires that an agency, such as DHS here, when asked to correct its records pursuant to the Privacy Act, either promptly correct the record or inform the individual of its refusal to amend the record. 5 U.S.C. §§ 552a(d)(2)(B)(i) & (ii). A refusal to correct the record must be accompanied by the reason for the refusal and explanation of the administrative procedures to request a review of the refusal. *Id*. An individual may initiate a private cause of action if dissatisfied with a records correction request under the Privacy Act. *See*

5 U.S.C. § 552a(g)(1)-(5). DHS regulations reflect the procedure set out in the Privacy Act for correction of agency records.  6 C.F.R. § 5.26.

Plaintiff's complaint provides no indication that he has requested a correction of DHS records – or the correction of records of any other government agency – pursuant to the procedures outlined above.[2] Aside from this lawsuit, DHS has no indication that Plaintiff has made any such request. Because Plaintiff bears the burden of establishing subject-matter jurisdiction, this Court must assume that Plaintiff has failed to formally request a correction of DHS's records and databases relating to Plaintiff. As such, Plaintiff has failed to exhaust the administrative remedies available to him, and this Court lacks jurisdiction to review Plaintiff's APA allegations. Accordingly, this Court should dismiss Plaintiff's APA claim, "Count Two" of his Complaint.[3]  *See Merrill Lynch*, 616 F.2d at 1370.

## V.     Conclusion

**WHEREFORE**, for the foregoing reasons, the federal defendants respectfully ask this Court to dismiss Plaintiff's claims and his Complaint with prejudice, for lack of subject-matter jurisdiction.

---

[2] Although Plaintiff argues that seeking an administrative remedy to effect records correction would be futile here, Rec. Doc. 1 at ¶ 97, he offers no basis for this position. This argument lacks merit and the Court should not credit it.

[3] Despite Plaintiff's failure to request correction of his DHS records using the appropriate procedures, ICE nonetheless represents in an attached declaration that, on June 20, 2014, it updated ICE's nationwide enforcement databases to reflect that Plaintiff is a United States citizen whose Form N-600, Application for Certificate of Citizenship, was approved on June 14, 2011. *See* Exhibit 1, Declaration of Brian S. Acuna, at ¶ 5.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

/S/ JASON M. BIGELOW_____
JASON M. BIGELOW (29761)
Assistant United States Attorney
650 Poydras Street, 16th Floor
New Orleans, Louisiana 70130
Telephone:  (504) 680-3025
Fax: (504) 680-3184
Email: jason.bigelow@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by ECF, facsimile, or mailing the same to each, properly addressed and postage prepaid this 25th day of July, 2014.

/S/ JASON M. BIGELOW_____
JASON M. BIGELOW
Assistant United States Attorney